UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL E. CLEMENT,

    Plaintiff,

                                       CIVIL NO.: 10-14983
v.                                       HON. LAWRENCE P. ZATKOFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 1ST day of February, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on the parties' cross motions for summary judgment with respect to Defendant's decision to deny Plaintiff's application for Social Security disability benefits. The Court is also in receipt of Magistrate Judge Binder's Report and Recommendation, wherein the Magistrate Judge recommends that Plaintiff's Motion for a Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted.

After a thorough review of the court file, the Report and Recommendation, the objections to the Report and Recommendation filed by Plaintiff, and Defendant's response to Plaintiff's objections to the Report and Recommendation, this Court:

        A.      Adopts Sections II.A.- II.E., Section F.1 and Section F.2.c. of the Report and Recommendation and incorporates by reference into this Opinion those portions of the Report and Recommendation;

      B.      Declines to adopt the balance of the Report and Recommendation; and

      C.      For the reasons that follow, concludes that this matter must be remanded to Defendant for further proceedings in accord with this Opinion.

## II. ANALYSIS

Plaintiff contends that substantial evidence fails to support the findings of the Commissioner. Plaintiff specifically contends that the Administrative Law Judge ("ALJ") failed to comply with controlling Sixth Circuit precedent in rejecting the opinion of Plaintiff's treating physician, Dr. James Honet. Dr. Honet opined that Plaintiff cannot perform even the minimal demands of sedentary work. Plaintiff also contends that the ALJ's credibility findings as to Plaintiff are not supported by substantial evidence.

**A.    Treating Physician**

As stated by the Magistrate Judge, in weighing the opinions and medical evidence, an ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source is entitled to more weight than a non-examining source, and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). *See also Rogers*, 486 F.3d at 242 (stating that the "treating physician rule," which provides that "greater deference is usually given to the opinions of treating physicians than to those of non-treating physicians," is a key governing standard in social security cases).

The opinion of a treating physician should be given controlling weight if it is "well supported

by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544 (emphasis added); 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. "The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed. App'x 279, 284 (6th Cir. 2003) (quoting *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)).

"Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Therefore, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." S.S.R. 96-2p, 1996 WL 374188, at *5 (1996). *See also Rogers*, 486 F.3d at 242. "**[A] failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record**." *Rogers*, 486 F.3d at 243 (emphasis added).

"It is well settled that the ultimate issue of disability is reserved to the Commissioner." *Kidd v. Comm'r*, 283 Fed. App'x 336, 341 (6th Cir. 2008); *Gaskin v. Comm'r*, 280 Fed. App'x 472, 475-76 (6th Cir. 2008). As such, Dr. Honet's conclusion that Plaintiff is totally disabled from any

3

occupation and that he will never be able to resume any work is not binding on the ALJ. It is undisputed that Dr. Honet is a treating physician, however, and Dr. Honet appears to be the only treating physician for Plaintiff since February 2008, at least in relation to the medical conditions at issue. It is undisputed that no physician examined Plaintiff on behalf of Defendant. Instead, at the request of the ALJ after the hearing, Dr. Joseph Jensen completed a medical interrogatory form based upon a review of Plaintiff's medical records–without examining Plaintiff. Under such circumstances, and for the following reasons, the Court finds that the ALJ's decision to not give controlling weight to Dr. Honet's underlying opinions was improper.

Simply put, the ALJ did not provide valid reasons for rejecting Dr. Honet's opinion regarding Plaintiff's disability, as required in the Sixth Circuit. *See* 20 C.F.R. § 404.1527(d)(2). As the Sixth Circuit recently stated, an ALJ must properly discuss the weight the ALJ gives a treating physician's opinion regarding disability, and:

> [t]his requirement is not simply a formality; it is to safeguard the claimant's procedural rights. It is intended "to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that []he is not.

*Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-45 (6th Cir. 2004)). In other words, "the real issue is whether the Commissioner both had, and adequately articulated, a valid rationale for not accepting [a doctor's] statement that plaintiff was disabled from a combination of his physical ... disorders." *Daniels v. Comm'r of Soc. Sec.*, 2011 WL 2110145, at *2 (S.D. Ohio 2011).

In this case, the ALJ (as the ALJ did in *Cole*) accepted the treating physician's diagnosis of the medical condition (here, cervical post laminectomy syndrome) but rejected the conclusions of

the treating physician regarding the severity of Plaintiff's impairments as such impairments related to Plaintiff's ability to work. The ALJ's evaluation of Dr. Honet contains no discussion of the weight, if any, the ALJ gave to Dr. Honet's opinion regarding disability. The ALJ stated only that "the undersigned finds [Dr. Honet's] opinion to be at odds with the treatment record as a whole and the opinion is not supported by his treatment notes," and no explanation of how Dr. Honet's opinion was at odds with the treatment record as a whole or Dr. Honet's treatment notes was provided. Thus,

> [it] cannot be said that Dr. [Honet's] opinions are patently deficient, because the ALJ found them sufficient as to [Plaintiff's] category of diagnosis. . . . Nor can [this Court] say that the goal of § 1527(d)(2) was met, because the ALJ's decision leaves this Court without a clear understanding of why the ALJ credited Dr. [Honet's] opinion as to diagnosis but discredited it as to work limitations.

*Cole*, 661 F.3d at 940.

Accordingly, the Court concludes that the ALJ's "failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even [though] the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243.

**B.      Plaintiff's Credibility**

Social Security Regulations prescribe a two-step process for evaluating subjective complaints of pain. The plaintiff must establish an underlying medical condition: (1) based on objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an

impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.*

Thus, the issue before this Court is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters*, 127 F.3d at 531. When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility"); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at *3 (6th Cir. Feb. 11, 1999) (unpublished).

After examining the record evidence, especially in light of the ALJ's apparent disregard of Dr. Honet's opinion regarding Plaintiff's disability, it is not clear to this Court that substantial evidence supports the ALJ's finding that Plaintiff's testimony regarding his level of pain was not fully credible. For example, as noted above, the objective medical evidence shows that Plaintiff underwent cervical spine surgeries and takes pain medication as a result. Nonetheless, the ALJ did not make findings regarding the medication's side effects (which Dr. Honet testified could cause, among other side effects, concentration problems). Accordingly, as with the ALJ's consideration of the treating physician's opinion, the Court finds that the ALJ failed to adequately address why

he did not find Plaintiff credible.

**C.     Conclusion**

    For the reasons set forth above, the Court concludes that:

        (1)      The findings of the ALJ as to Plaintiff's credibility and disability are not sufficient; and

        (2)      This matter must be remanded to Defendant for purposes of:

              (a)      properly considering and addressing Dr. Honet's opinion regarding Plaintiff's disability;

              (b)      properly considering and addressing the credibility of Plaintiff; and

              (c)      rendering a new decision in accordance with all applicable law.

### III.  CONCLUSION

Accordingly, and for the reasons stated above, the Court hereby REMANDS this matter to Defendant for further proceedings consistent with this Opinion and Order.

    IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 1, 2012.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290